NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> CALVIN JAMES HUNT, <br><br> Defendant - Appellant. | No. 24-3605 <br><br> D.C. No. <br> 1:21-cr-02029-SAB -2 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted June 4, 2025**
Seattle, Washington

Before: HAWKINS, GOULD, and BUMATAY, Circuit Judges.

Defendant-Appellant Calvin James Hunt ("Hunt") appeals his convictions for

involuntary manslaughter in Indian Country and possession with intent to distribute

fentanyl. He contends the superseding indictment was insufficient and that the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

government committed prosecutorial misconduct in its closing argument by arguing facts not alleged in the indictment. Hunt also claims there was insufficient evidence to convict him of possessing fentanyl with intent to distribute because the government did not submit a chemical analysis of the controlled substance. We review unobjected-to claims for plain error, *United States v. Flores*, 802 F.3d 1028, 1034 (9th Cir. 2015), and the denial of a motion for acquittal de novo, *United States v. Niebla-Torres*, 847 F.3d 1049, 1054 (9th Cir. 2017), and we affirm.

Hunt did not object to the sufficiency of the indictment prior to trial, and thus his claim is reviewed for plain error. *United States v. Leos-Maldonado*, 302 F.3d 1061, 1064 (9th Cir. 2002). The indictment adequately charged the necessary elements of involuntary manslaughter in Indian Country and contained sufficient facts to adequately notify Hunt of the basis of the crime with which he was charged. *See United States v. Lo*, 231 F.3d 471, 481–82 (9th Cir. 2000).

Hunt contends the prosecutor impermissibly argued that Hunt "brought" the fentanyl to the trailer whereas the indictment alleged only that Hunt "allowed" S.R. to be in the trailer with the fentanyl. Hunt failed to object to the closing argument on these grounds. The prosecutor did not commit misconduct because the phrase "allow" in the indictment was broad enough to encompass the government's theory and because the illustrative "to wit" clause in the indictment was surplusage the government was not required to prove. *See United States v. Garcia-Paz*, 282 F.3d

2                                                                          24-3605

1212, 1217 (9th Cir. 2002). Moreover, Hunt cannot demonstrate that he was prejudiced by the argument, as the jury was properly instructed on the elements of the offense and that the arguments of counsel were not evidence. *See United States v. Christophe*, 833 F.2d 1296, 1301 (9th Cir. 1987).

Finally, even though the government did not locate and test any pills possessed by Hunt, it did submit evidence that Hunt had displayed pills for sale in a Facebook message post shortly before S.R.'s death, that the pills pictured were consistent with the appearance of fentanyl sold on the street at the time, that Hunt and co-defendant Tainewasher had smoked a pill on the mattress in the trailer, and that S.R. had fentanyl in his system when he died. On sufficiency of the evidence review, we "must draw all reasonable inferences in favor of" the government, *United States v. Amintobia*, 57 F.4th 687, 701 (9th Cir. 2023), and a rational juror could draw the necessary inferences to conclude that Hunt possessed fentanyl pills with intent to distribute them.

**AFFIRMED.**